JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 07-T-003-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

MODINE MANUFACTURING COMPANY.,

                                 Plaintiff,

      - against -

EXPEDITORS INTERNATIONAL GmbH and DELTA AIR LINES, INC.,

                                Defendants.

-----------------------------------------------------------------------x

07 Civ. 7457 (HB)

**EXPEDITORS INT'L GMBH ANSWER WITH CROSS-CLAIM AGAINST DELTA AIR LINES, INC.**

       Defendant, EXPEDITORS INTERNATIONAL GmbH, by their attorneys, Badiak,& Will, LLP, as and for their Answer with Cross-Claim to the Complaint filed herein, alleges upon information and belief as follows:

       1.    Denies knowledge or information sufficient to form a belief as to the allegationss set forth in paragraph "FIRST" of plaintiff's complaint.

       2.    Denies knowledge or information sufficient to forma a belief ast to the allegations set forth in paragraph "SECOND" of plaintiff's complaint.

       3.    Admits the allegations in paragraph "THIRD" of plaintiff's complaint.

       4.    Admits the allegations of paragraph "FOURTH' of plaintiff's complaint.

5. Denies the allegations in paragraph "FIFTH" of plaintiff's complaint.

6. Denies the allegations in paragraph "SIXTH" of plaintiff's complaint.

7. Denies the allegations in paragraph "SEVENTH" of plaintiff's complaint.

8. Denies the allegations in paragraph "EIGHTH" of plaintiff's complaint.

9. Denies the allegations in paragraph "NINTH" of plaintiff's complaint.

10. Denies the allegations in paragraph "TENTH" of plaintiff's complaint.

### FIRST AFFIRMATIVE DEFENSE

11. In the event that the plaintiff had not or has not any title or interest in the shipment that is the subject matter of this action, then the plaintiff's is not the real party in interest and is not entitled to maintain this suit.

### SECOND AFFIRMATIVE DEFENSE

12. If the shipment referred to in the complaint suffered any damage, loss or delay, such loss delay was caused by parties over which this defendant had no control.

### THIRD AFFIRMATIVE DEFENSE

13. Any shipments that were carried by defendant are subject to all the terms and conditions of the applicable contracts of carriage or other contracts, bill of lading, tariffs and/or applicable regulations. Defendant duly performed the terms and conditions on its part to be performed under the contracts of carriage or other contracts, bill of lading, tariffs and/or applicable regulations, statutes or treaties bar recovery.

### FOURTH AFFIRMATIVE DEFENSE

14. Defendant's liability, if any, is limited in accordance with the applicable contracts of carriage or other contracts, bill of lading, tariffs and/or applicable regulations, statutes or treaties.

## FIFTH AFFIRMATIVE DEFENSE

15. To the extent that plaintiff failed to meet the minimum filing requirement of filing a proper written claim within the times prescribed, this lawsuit is time barred.

## SIXTH AFFIRMATIVE DEFENSE

16. To the extent that plaintiff failed to file suit within the time period prescribed, this lawsuit is time barred.

## SEVENTH AFFIRMATIVE DEFENSE

17. The applicable contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations, statutes and treaties do not contemplate responsibility for special or consequential damage. To the extent that plaintiff seeks recovery for special or consequential damages, defendant is no responsible.

## EIGHTH AFFIRMATIVE DEFENSE

18. Plaintiff failed to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

19. The alleged damage did not occur while the shipment was in the custody or control of this defendant.

## TENTH AFFIRMATIVE DEFENSE

20. If the shipment was lost or damaged, the loss or damage was caused in whole in part by the negligence of plaintiff, plaintiff's agents, co-defendants, co-defendant's agents or other

parties over which this defendant had not control and for whose negligence this defendant is not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

21. The contributory negligence of the shipper caused the loss and damage to the shipment.

## TWELFTH AFFIRMATIVE DEFENSE

22. The complaint fails to state a cause of action for which relief can be granted against this answering defendant.

## AS AND FOR IT'S CROSS-CLAIM AGAINST DELTA AIR LINES

23. Defendant, EXPEDITORS INTERNATIONAL GmbH, (hereinafter referred to as "EXPEDITORS"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of the states of the United States with an office and place of business at 610 Lambert Pointe Drive, Hazelwood, MO 63042 and at 1015 Third Avenue. S., Seattle, Washington 98104.

24. Defendant EXPEDITORS was the shipper and consignee of the shipment mentioned hereinafter in the airwaybill issued by Defendant DELTA AIR LINES, INC., and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

25. Defendant, DELTA AIR LINES, INC., (hereinafter referred to as "DELTA"), is and was a corporation organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business at La Guardia Airport, Delta Air Line Flight Center, Flushing, New York 11371, and is and was at all times hereinafter mentioned, a common carrier by air engaged in the transportation of goods for hire.

26. All and singular the following premises are true and constitutes a claim within this Honorable Court's Federal Question subject matter jurisdiction as the claim arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments thereto.

27. Plaintiff alleges in its Complaint that on or about September 27, 2005, Defendant EXPEDITORS breached a contract of carriage in which it agreed to transport a shipment of machine equipment (radiators) from Stuttgart, Germany, to St. Louis, Missouri, by delivering the shipment damaged thereby causing damage to plaintiff in the amount of $80,000.00.

28. Plaintiff's shipment was carried pursuant to DELTA's airway bill numbered 006-43867040 and dated September 27, 2005, which was issued to Defendant EXPEDITORS.

29. If the cargo sustained any damage as alleged in Plaintiff's complaint, then such damage was caused in whole or in part by the acts, omissions, fault, neglect, breach of contract, breach of warranty, express or implied, and/or in violation of laws on the part of Co-Defendant DELTA, and without fault on the part of Defendant EXPEDITORS contributing thereto.

30. If the plaintiff recovers a judgment against EXPEDITORS, then EXPEDITORS will be entitled to indemnification and Co-Defendant DELTA will be required to reimburse EXPEDITORS for the amount of any judgment as well as all expenses, including attorney's fees, incurred in the defense of this action.

WHEREFORE, plaintiff EXPEDITORS INTERNATIONAL GmbH demands judgment dismissing the Complaint in it's entirely or, alternatively, judgment limiting the liability pursuant to the foregoing and granting judgment in favor of EXPEDITORS and against Co-Defendant Delta Air Lines, Inc., for indemnification, together with costs and disbursements of defending the within action and all other relief which to this Court may seem just and proper in the circumstances.

Dated: Mineola, New York
       October 10, 2007

>                     BADIAK & WILL, LLP
>                     Attorneys for Defendant,
>                     EXPEDITORS INTERNATIONAL GmbH
>
>                     By: _____
>                         JAMES P. KRAUZLIS (JK-4972)

TO:  Hill, Rivkins, & Hayden, LLP
     Attorneys for Plaintiff
     45 Broadway
     New York, New York 10006

     Delta Air Lines, Inc.
     Newark International Airport
     Terminal B, Suite 16
     Newark, New Jersey 07114