Francis A. Montbach (FAM9631)
MOUND COTTON WOLLAN & GREENGRASS
Attorneys for Defendant
Delta Air Lines, Inc.
One Battery Park Plaza
New York, NY  10004
(212) 804-4200
email: fmontbach@moundcotton.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

MODINE MANUFACTURING COMPANY,

                Plaintiff,                07 CIV 7457 (HB)

   - against -                           **ANSWER OF DELTA**
                                                                **AIR LINES, INC.**

EXPEDITORS INTERNATIONAL GmbH
(STR) and DELTA AIR LINES, INC.,

                Defendants

-------------------------------------------------------------x

       Delta Air Lines, Inc., by its attorneys, Mound Cotton Wollan & Greengrass, as and for its Answer to the Complaint herein, states as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "FIRST", "SECOND", "THIRD", "SEVENTH", "NINTH" and "TENTH".

2. Denies each and every allegation contained in those paragraphs of the Complaint designated "SIXTH" and "EIGHTH" insofar as those allegations refer to Delta Air Lines, Inc.

3. Denies each and every allegation contained in that paragraph of the Complaint designated "FOURTH", except that it admits that it is a corporation organized and existing by virtue of the laws of the State of Delaware with its principal place of business in Atlanta, Georgia; that it does business in the State of New York and that it is a duly certified direct air carrier engaged in the transportation of persons and property in interstate and international transportation pursuant to the authorization of the Department of Transportation of the United States.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "FIFTH" except that it admits that it received 37 pieces of freight from the co-defendant Expeditors International GmbH, described as "consolidation", the contents and condition of which were unknown to this defendant, for carriage from Stuttgart, Germany to St. Louis, Missouri, under its air waybill #006-4386-7040, dated September 27, 2005.

AS AND FOR A FIRST COMPLETE
AFFIRMATIVE DEFENSE

5. Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

AS AND FOR A SECOND COMPLETE
AFFIRMATIVE DEFENSE

6. The contract of carriage embarked upon by the plaintiff herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention.

7. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

8. Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

### AS AND FOR A THIRD COMPLETE AFFIRMATIVE DEFENSE

9. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

10. Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

### AS AND FOR A FOURTH COMPLETE AFFIRMATIVE DEFENSE

11. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention this defendant has no liability to this plaintiff or

to any other person under the contract of carriage for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

13. Upon information and belief, the proper written notice of claim concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

### AS AND FOR A FIFTH COMPLETE AFFIRMATIVE DEFENSE

13. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

### AS AND FOR A SIXTH COMPLETE AFFIRMATIVE DEFENSE

14. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

15. Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

### AS AND FOR A SEVENTH COMPLETE

AFFIRMATIVE DEFENSE

16. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

17. Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiff herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

AS AND FOR AN EIGHTH COMPLETE
AFFIRMATIVE DEFENSE

18. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention the plaintiff herein has no standing to maintain this action against this defendant.

AS AND FOR A NINTH COMPLETE
AFFIRMATIVE DEFENSE

19. The complaint herein should be dismissed on the grounds of improper venue, in that plaintiffs have filed this action in a district in which they do not reside; the transactions giving rise to this action lack any connection with this district; and no witnesess are located within this district.

AFFIRMATIVE DEFENSE

16. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

17. Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiff herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

AS AND FOR AN EIGHTH COMPLETE
AFFIRMATIVE DEFENSE

18. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention the plaintiff herein has no standing to maintain this action against this defendant.

AS AND FOR A NINTH COMPLETE
AFFIRMATIVE DEFENSE

19. The complaint herein should be dismissed on the grounds of improper venue, in that plaintiffs have filed this action in a district in which they do not reside; the transactions giving rise to this action lack any connection with this district; and no witnesess are located within this district.

AS AND FOR A TENTH PARTIAL
AFFIRMATIVE DEFENSE

20. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention the liability, if any, of this defendant for any loss, damage or delay is limited.

AS AND FOR A FIRST CROSS-CLAIM
AGAINST THE CO-DEFENDANT
EXPEDITORS INTERNATIONAL GmbH (STR)

20. That if the defendant, Delta Air Lines, Inc., is held liable to the plaintiff herein for any loss, damage or delay, such liability on the part of Delta Air Lines, Inc., shall have been caused by or brought about by the acts and/or omissions of Expeditors International GmbH (STR), and, in that event, Delta Air Lines, Inc. shall be entitled to be indemnified and held harmless by Expeditors International GmbH (STR) for all amounts including attorneys' fees.

AS AND FOR A SECOND CROSS-CLAIM
AGAINST THE CO-DEFENDANT
EXPEDITORS INTERNATIONAL GmbH (STR)

21. That if the defendant, Delta Air Lines, Inc., is held liable to the plaintiff herein then, in that event, Delta Air Lines, Inc. is entitled to contribution from Expeditors International GmbH (STR) in an amount corresponding to the proportion of fault on the part of Expeditors International, GmbH (STR) towards the payment of any judgment which may be entered in favor of the plaintiff herein.

WHEREFORE, defendant, Delta Air Lines, Inc., demands judgment against the plaintiff dismissing this action; or in the alternative, for judgment over against the co-defendant

Expeditors International GmbH (STR); or, in the alternative, for a judgment with contribution as between the defendants, together with costs and disbursements.

Dated:  New York, New York
       October 17, 2007.

                              MOUND, COTTON & WOLLAN & GREENGRASS
                              Attorneys for Defendant,
                              Delta Air Lines, Inc.

                              By_____
                              Francis A. Montbach (FAM9631)
                              Office and P. O. Address
                              One Battery Park Plaza
                              New York, New York   10004
                              (212) 804-4200
                              fmontbach@moundcotton.com


TO:   HILL RIVKINS & HAYDEN LLP
       Attorneys for Plaintiff
       45 Broadway
       New York, NY   10006
       (21) 669-0600

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Marian Kelly being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Maywood, New Jersey. That on the 17th day of October, 2007 deponent served an ANSWER OF DELTA AIR LINES, INC., upon :

HILL RIVKINS & HAYDEN, LLP
45 Broadway
New York, NY  10006

at the address designated by said attorney by depositing the same enclosed in a postpaid properly addressed wrapper via directed to said attorney at the above addresses in an official depository under the exclusive care and custody of the US Postal Service within the State of New York.

_____
Marian Kelly

Sworn to before me this
17th day of October, 2007

_____
Notary Public

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010