Francis A. Montbach (FAM9631)
MOUND COTTON WOLLAN & GREENGRASS
Attorneys for Defendant
Delta Air Lines, Inc.
One Battery Park Plaza
New York, NY  10004
(212) 804-4200
email: fmontbach@moundcotton.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

MODINE MANUFACTURING COMPANY,

      Plaintiff,      07 CIV 7457 (HB)

- against -      **ANSWER TO CROSS-CLAIMS OF EXPEDITORS INTERNATIONAL, INC.**

EXPEDITORS INTERNATIONAL GmbH
(STR) and DELTA AIR LINES, INC.,

      Defendants
----------------------------------------------------------------x

  Delta Air Lines, Inc., by its attorneys, Mound Cotton Wollan & Greengrass, as and for its Answer to the Cross-Claim of co-defendant Expeditors International GmbH, states as follows:

  FIRST:  Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of Expeditors International GmbH's cross-claim designated "23" and "26".

  SECOND:  Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of Expeditors International GmbH's cross-claim

designated "24" except that it denies the allegation in that paragraph that Expeditors International GmbH was the shipment transported pursuant to air waybill #006-4386-7040, dated September 27, 2005.

THIRD: Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of Expeditors International GmbH's cross-claim designated "28", except that it admits that it received a shipment, said to contain "Consolidation", in Stuttgart, Germany, for transportation pursuant to air waybill #006-4386-7040 dated September 27, 2005, from Expeditors International GmbH (STR).

FOURTH: Denies each and every allegation contained in that paragraph of Expeditors International GmbH's cross-claim designated "25", except that it admits that it is a corporation organized and existing pursuant to the laws of Delaware, with a place of business at LaGuardia Airport, Flushing, New York and that it is a duly certified direct air carrier engaged in the transportation of persons and property in interstate and international transportation pursuant to the authorization of the Department of Transportation of the United States.

FIFTH: Denies each and every allegation contained in those paragraphs of Expeditors International GmbH's cross-claim designated "29" and "30".

AS AND FOR A FIRST COMPLETE
AFFIRMATIVE DEFENSE

SIXTH: Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

## AS AND FOR A SECOND COMPLETE
## AFFIRMATIVE DEFENSE

SEVENTH: The contract of carriage embarked upon herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention.

EIGHTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

NINTH: Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

## AS AND FOR A THIRD COMPLETE
## AFFIRMATIVE DEFENSE

TENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

ELEVENTH: Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

## AS AND FOR A FOURTH COMPLETE
## AFFIRMATIVE DEFENSE

TWELFTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention this defendant has no liability to this

TWELFTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

THIRTEENTH: Upon information and belief, the proper written notice of claim concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

### AS AND FOR A FIFTH COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

### AS AND FOR A SIXTH COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

SIXTEENTH:   Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

### AS AND FOR A SEVENTH COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:   That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

EIGHTEENTH:   Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiff herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

### AS AND FOR AN EIGHTH COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH:   That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention the plaintiff herein has no standing to maintain this action against this defendant.

### AS AND FOR A NINTH COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH:   The complaint herein should be dismissed on the grounds of improper venue, in that plaintiffs have filed this action in a district in which they do not reside; the transactions giving rise to this action lack any connection with this district; and no witnesses are located within this district.

AS AND FOR A TENTH PARTIAL
<u>AFFIRMATIVE DEFENSE</u>

TWENTY-FIRST:   That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention the liability, if any, of this defendant for any loss, damage or delay is limited.

WHEREFORE, defendant, Delta Air Lines, Inc., demands judgment against co-defendant Expeditors International GmbH dismissing its cross-claim against Delta Air Lines, Inc. in its entirety, together with costs and disbursements.

Dated:  New York, New York
          October 29, 2007.

> MOUND, COTTON & WOLLAN & GREENGRASS
> Attorneys for Defendant,
> Delta Air Lines, Inc.
> By _____
>    Francis A. Montbach (FAM9631)
>    Office and P. O. Address
>    One Battery Park Plaza
>    New York, New York   10004
>    (212) 804-4200
>    fmontbach@moundcotton.com

TO:   JAMES P. KRAUZLIS, ESQ.
      BADIAK & WILL, LLP
      Attorneys for Defendant
      Expeditors International GmbH
      106 3rd Street
      Mineola, NY  11501

      THOMAS E. WILLOUGHBY, ESQ.
      HILL RIVKINS & HAYDEN LLP
      Attorneys for Plaintiff
      45 Broadway
      New York, NY  10006
      (212) 669-0600

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                              ) ss.:
COUNTY OF NEW YORK )

Marian Kelly, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Maywood, New Jersey. That on the 29th day of October, 2007 deponent served the within ANSWER TO CROSS-CLAIM OF EXPEDITORS INTERNATIONAL GmbH upon:

JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
106 3rd Street
Mineola, NY 11501

THOMAS E. WILLOUGHBY, ESQ.
HILL RIVKINS & HAYDEN LLP
45 Broadway
New York, NY 10006
(212) 669-0600

at the addresses designated by said attorneys by depositing the same enclosed in a postpaid properly addressed wrapper directed to each of said attorneys at the above addresses in an official depository under the exclusive care and custody of the US Postal Service within the State of New York.

_____
Marian Kelly

Sworn to before me this
29th day of October, 2007

_____
Notary Public

RODANTHI KUCHARSKI
Notary Public State of New York
No. 24-4711680
Qualified in Kings County
Commission Expires October 31, 2010